# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JULIA THOGMARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>        Defendant. | Case No. 3:19-cv-00252-SLG |

## ORDER RE MOTION TO SEVER AND STAY "BAD FAITH" CLAIMS

Before the Court at Docket 10 is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Sever and Stay "Bad Faith" Claims. Plaintiff Julia Thogmartin responded in opposition at Docket 14. Defendant replied at Docket 15. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

In 2015, Plaintiff was injured in a motor vehicle collision, which the parties agree was caused by an underinsured motorist.[1] Plaintiff was insured by Defendant, and with Defendant's consent, Plaintiff settled her claim against the motorist for $100,000, the limit of the motorist's USAA liability policy, plus

---

[1] Docket 1-2 at 1–2, ¶ 3–4; Docket 10 at 2.

applicable add-ons and fees.² As part of her policy with Defendant, Plaintiff had UIM coverage with limits of $50,000/person or $100,000/accident.³ Thus, after settling her claim against the motorist, Plaintiff sought additional coverage under the UIM provision,⁴ which provides that "[i]f the damages are caused by an ***underinsured motor vehicle***, then [Defendant] will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply . . . have been used up."⁵ The policy further explains that:

> The ***insured*** and [Defendant] must agree to the answers to . . . two questions: (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle*** or an ***underinsured motor vehicle***? (2) If the ***insured*** and [Defendant] agree that the answer . . . is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motorist vehicle*** or an ***underinsured motor vehicle*** . . .
>
> If there is no agreement on the answer to either question . . . then the ***insured*** shall . . . file a lawsuit in a state or federal court . . . consent to a jury trial if requested by [Defendant] . . . [and] agree that [Defendant] may contest the issues of liability and the amount of damages. . . .⁶

Unable to resolve the UIM claim with Defendant, on August 22, 2019, Plaintiff commenced an action against Defendant in the Superior Court for the

---

² Docket 1-2 at 2, ¶¶ 7–8; Docket 10 at 2.

³ Docket 1-2 at 2, ¶ 5; Docket 10 at 2; Docket 10-4.

⁴ Docket 10-1 at 1.

⁵ Docket 10-3 at 19 (emphasis in original).

⁶ Docket 10-3 at 19–20 (emphasis in original).

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 2 of 11

State of Alaska, Third Judicial District, asserting, *inter alia*, breach of contract and breach of the covenant of good faith and fair dealing, and seeking recovery of UIM benefits as well as punitive damages.[7] On September 18, 2019, Defendant removed the case to this Court on the basis of diversity jurisdiction.[8] On October 23, 2019, the parties jointly filed their Report of Rule 26(f) Planning Meeting; the report provided, among other things, that discovery would not be bifurcated, that the close of fact discovery would be in September 2020, and that trial would begin in the spring of 2021.[9] The Court entered the Scheduling & Planning Order consistent with the parties' joint report on November 7, 2019.[10]

On October 28, 2019, Defendant moved to sever and stay Plaintiff's "bad faith" claims.[11] On November 12, 2019, Plaintiff responded in partial opposition; Plaintiff agreed to bifurcate the trial into two phases before the same jury but opposed Defendant's request to stay "bad faith" discovery.[12]

---

[7] Docket 1 at 1–2; Docket 1-2 at 4–5.

[8] Docket 1 at 1–2, ¶¶ 1–2.

[9] Docket 9 at 3–4, 9.

[10] Docket 12.

[11] Docket 10. Defendant refers to Plaintiff's allegations "characteriz[ing] [Defendant's] evaluation and handling of her UIM claim as 'not prompt,' '[not] objective,' '[not] even-handed,' '[not] unbiased,' 'negligent,' 'reckless,' and a 'violation of covenant of good faith and fair dealings'" as her "bad faith" claims. Docket 10 at 4 (emphasis in original).

[12] Docket 14 at 1.

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 3 of 11

## DISCUSSION

Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[13] Additionally, under Rule 21, the Court can sever "any claim against a party."[14]

Defendant asks the Court to do both—to sever Plaintiff's "bad faith" claims from her UIM claim and to order separate trials—and asks the Court to stay discovery on the former until the UIM claim is resolved.[15] Citing to orders from this Court[16] and others severing and staying "bad faith" claims from UIM claims, Defendant contends that doing so will be economical and efficient, and will prevent undue prejudice to Defendant.[17]

---

[13] Fed. R. Civ. P. 42.

[14] Fed. R. Civ. P. 21.

[15] Docket 10 at 1.

[16] *See Allen v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-cv-0019-HRH (D. Alaska March 5, 2015) (granting unopposed motion to sever and stay bad faith claims); *Seals v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-cv-00059-JWS (D. Alaska Nov. 7, 2014) (concluding that "failure to sever the bad faith claims from the UIM claim would substantially prejudice" the insurer); *Lashley v. Horace Mann Teachers Ins., Inc.,* No. 3:12-cv-00197-RRB (D. Alaska Apr. 10, 2013) (bifurcating breach of contract and bad faith claims and staying bad faith discovery); *Mixsooke v. Geico Casualty Co.*, No. 3:12-cv-0166-HRH (D. Alaska Dec. 4, 2012) (finding that "[b]ecause the court perceives the plaintiff's claims to be factually and legally independent of one another, and because a determination of the value of plaintiff's bodily injury claim may obviate the necessity for litigating the plaintiff's breach of good faith claim, this is an appropriate case for bifurcation of those claims" and that undertaking bad faith discovery "will not be economical because that discovery may not be necessary.").

[17] Docket 10 at 5–14. *See O'Malley v. U.S. Fidelity and Guaranty, Co.*, 776 F.2d 494 (5th Cir. 1985); *Nistrian v. Geico Gen. Ins. Co.*, No. 16-5374-BHS, 2016 U.S. Dist. LEXIS 86867 (W.D. Wash. July 5, 2016); *Smith v. Westfield Ins. Co.*, 932 F. Supp. 770 (S.D. W. Va. 1996); *In re United Fire Lloyds*, 327 S.W. 3d 250 (Tex. App. 2010); *In re State Farm Mut. Auto. Ins. Co.*, No.

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 4 of 11

On the question of efficiency, Defendant maintains that the discovery and evidence required to resolve a UIM claim—details of the accident, medical reports, damages evidence—is distinct from that required to resolve "bad faith" claims, which could "require disclosure of everything from reserves to claims adjuster mental impressions."[18] Defendant explains that should it prevail on or settle the UIM claim, then the parties will have saved the time and expense of discovery and trial on the "bad faith" claims.[19] Indeed, Defendant predicts—based on prior experience with similar claims—that Plaintiff will drop the "bad faith" claims after a trial on the UIM claim.[20] Defendant adds that even if the "bad faith" claims make it to trial, the additional cost of bifurcation would be limited to the time needed to pick a second jury.[21]

As to prejudice, Defendant maintains that a jury would be improperly influenced by exposure to "bad faith" claim evidence, which, by "its very nature would prejudice the outcome of a trial on the UIM claim."[22] Moreover, Defendant maintains that it would be "fundamentally unfair" to require "an insurer to disclose how it is evaluating a UIM claim, as well as its reserve information, before the UIM

---

08-12-00176, 2012 WL 5354060 (Tex. App. Oct. 31, 2012).

[18] Docket 10 at 6.

[19] Docket 10 at 8.

[20] Docket 10 at 8. *See also* Docket 15 at 2.

[21] Docket 10 at 9.

[22] Docket 10 at 6.

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 5 of 11

claim is even resolved."[23] Indeed, Defendant contends that Plaintiff brought the "bad faith" claims for the very purpose of obtaining irrelevant discovery to influence the outcome of the UIM claim.[24] Defendant emphasizes that the question for the Court is whether Defendant will be prejudiced if severance is not granted, and not whether Plaintiff would be prejudiced if it is granted.[25] Nevertheless, Defendant maintains that severing and staying the "bad faith" claims will alleviate its concerns while still allowing Plaintiff to bring the "bad faith" claims, should she wish to do so.[26]

In her partial opposition, Plaintiff advocates for a two-phase trial before the same jury, which she contends would prevent any prejudice to Defendant without unduly burdening Plaintiff with the expense and time of an entirely separate "bad faith" discovery and trial phase.[27] Indeed, Plaintiff maintains that complete bifurcation of her "bad faith" claims "contravenes the policy of judicial economy set forth in the bifurcation rule,"[28] citing recent decisions from this Court and others declining to stay bad faith discovery pending litigation of a UIM claim.[29]

---

[23] Docket 10 at 6. *See also* Docket 15 at 2.

[24] Docket 10 at 7.

[25] Docket 15 at 3.

[26] Docket 10 at 7.

[27] Docket 14 at 1–2, 6–7.

[28] Docket 14 at 5–7, 9.

[29] Docket 14 at 4–5, 9. *See Stowers v. State Farm Mut. Auto. Ins. Co.*, 3:15-cv-00088-JWS (D. Alaska Sept. 10, 2015) (ordering that "[d]iscovery on the bad faith claims will proceed at the same time as discovery on the UM benefits claim [and] [a]t trial on the UM benefits claim, none of the

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 6 of 11

Plaintiff acknowledges the potential prejudice to Defendant of a trial of both claims at the same time, but urges that it is best mitigated through bifurcation of a single trial into separate phases, before a single jury.[30] Plaintiff disputes that Defendant will be prejudiced by producing "bad faith" discovery at this stage. She maintains that she is entitled to "bad faith" discovery,[31] characterizing Defendant's request for a stay as an attempt to reap the benefits of affirmative discovery from its policyholders without having to produce discovery "where it may be vulnerable."[32] Plaintiff claims that Defendant is "exaggerate[ing] the onerous nature of the [bad faith discovery] disclosures," noting that it routinely produces such discovery in an increasing number of similar litigations.[33]

---

bad faith evidence will be admitted. After resolution of the UM benefits claim, if the bad faith claim remains viable, it will then be tried to the same jury which heard and decided the UM benefit claim."); *Overcast v. Gov. Employees Ins. Co.*, 1JU-10-00486CI (Alaska Sup. Ct. Nov. 12, 2019) (Docket 14-3) (concluding that "potential prejudice to [insurer] and the policy of judicial economy do not necessitate bifurcation of the bad faith and contract claims into separate proceedings or compel a stay of discovery . . . [h]owever, bifurcation of a single trial into separate phases does appear to be appropriate."); *Han v. State Farm Mut. Auto. Ins. Co.*, 3AN-18-10703CI (Alaska Sup. Ct. Oct. 3, 2019) (Docket 14-4) (concluding that "Plaintiff would be more burdened by two separate trials than would Defendant" and that "there is a chance that bifurcation might ultimately contravene the policy of judicial economy were State Farm not to prevail during the first trial."); *Galvin v. State Farm Fire and Casualty Co.*, 3AN-14-10038CI (Alaska Sup. Ct. Nov. 17, 2015) (Docket 14-1) (declining to sever UIM and bad faith claims or stay bad faith discovery because they are "factually intertwined" where the policy amount was disputed).

[30] Docket 14 at 7 (citing *Overcast*, 1JU-10-00486CI).

[31] Docket 14 at 8–9. Plaintiff emphasizes that claimants are allowed to pursue "bad faith" claims even where they have resolved or settled their UIM claims. Docket 14 at 4 (citing *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691 (Alaska 2014)), and Docket 14 at 8–9.

[32] Docket 14 at 7–8.

[33] Docket 14 at 9. Plaintiff maintains that the number of claims like hers against Defendant are increasing in the wake of Defendant's removal of alternative dispute resolution language from its policies. Docket 14 at 9.

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 7 of 11

In response, Defendant maintains that it will be prejudiced if forced to undergo "bad faith" discovery before the UIM claim is resolved, relying on the Court of Appeals of Wisconsin's decision in *Dahmen v. American Family Mutual Insurance Company*.[34] There, the Court of Appeals reversed the trial court's denial of bifurcation and stay of discovery on the bad faith claims, concluding that:

> (1) the failure to bifurcate a claim of bad faith from an underlying claim for UIM benefits would significantly prejudice [Defendant]; (2) the two distinct claims present differing evidentiary requirements that increase the complexity of the issues and the potential for jury confusion; and (3) a separate initial trial on the claim of UIM benefits increases the prospect of settlement and promotes economy by narrowing the issues for the jury and potentially eliminating the need for a later trial on the bad faith claim.[35]

However, *Dahmen* is inapposite; there, the trial court did not bifurcate the claims at all, relying instead on its jury instructions to remedy any prejudice.[36] In reversing the trial court, the Court of Appeals explained that it was "not satisfied that the use of properly drafted jury instructions and a special verdict will sufficiently remedy the prejudice that would likely result if the two claims are litigated in a single trial," concluding that "[a]s a result, the risk for jury confusion and prejudice

---

[34] Docket 15 at 4–6 (citing *Dahmen*, 635 N.W.2d 1 (Wis. App. 2001)).

[35] *Dahmen*, 635 N.W.2d at 6–7.

[36] *Id.* at 3.

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 8 of 11

. . . is substantial."[37] Here, Plaintiff does not oppose bifurcation at trial of the issues, thereby removing any such risk.

The Court must weigh concerns of prejudice and judicial economy in deciding whether to bifurcate Plaintiff's claims. The parties raise competing efficiency considerations. Defendant maintains that there is a strong likelihood that resolution of the UIM claim will obviate the need for discovery or a trial on the "bad faith" claims, whereas Plaintiff seeks to avoid the time and expense of two discovery phases and two trials, and maintains that Defendant can produce "bad faith" discovery without undue burden.[38] Moreover, because Plaintiff agrees to a two-phase trial—thereby obviating concerns that the jury would be swayed by the "bad faith" evidence—Defendant's remaining concern is the prejudice to its defense against the UIM case of having to disclose in discovery how it evaluates a UIM claim and its reserve information.[39]

Both parties were able to cite non-precedential case law in support of their respective positions. However, the Court finds the reasoning in *Overcast v. Government Employees Insurance Company* persuasive.[40] The Superior Court for the State of Alaska, First Judicial District, concluded that "bifurcation might

---

[37] *Id.* at 6.

[38] Docket 15 at 2 and Docket 14 at 9.

[39] Docket 15 at 9.

[40] 1JU-10-00486CI (Alaska Sup. Ct. Nov. 12, 2019); Docket 14-3.

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 9 of 11

ultimately contravene the policy of judicial economy . . . 'if [the insurer] does not prevail, the Court is faced with two voir dires, two phases of discovery and another round of seemingly endless motion filing and responses, all in addition to two separate trials."[41] The state court concluded that "[w]hile the potential prejudice to [the insurer] is real, it is best mitigated through bifurcation of a single trial, before a single jury, into separate stages."[42] This Court agrees and finds that the goal of judicial economy is best served by bifurcating Plaintiff's claims before a single jury, particularly in this case. Given the schedule proposed by both parties—with fact discovery closing in September 2020 and trial scheduled to begin in March 2021—the parties have ample time to complete discovery on both issues.[43]

Finally, while the Court recognizes Defendant's concern about producing "bad faith" discovery before the UIM claim is resolved, Plaintiff is entitled to discovery on the "bad faith" claims so long as they remain a part of the case. Moreover, as the Alaska Supreme Court has explained, there is a "special relationship between the insured and the insurer in the insurance context" and "bad faith" claims sounding in tort provide the "needed incentives to insurers to honor their implied covenant to their insured."[44] Thus, while Defendant understandably

---

[41] *Id.* at 2 (quoting *Light v. Allstate Ins. Co.*, 182 F.R.D. 210 (S.D. W. Va. 1998)).

[42] *Id.*

[43] Docket 12. Notably, in their jointly submitted Report of Rule 26(f) Planning Meeting, the parties declined the option of phased discovery. Docket 9 at 3.

[44] *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014) (quoting *State Farm Fire & Cas. Co. v. Nicholson*, 777 P.2d 1152, 1156 (Alaska 1989)).

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 10 of 11

does not want to disclose information about its settlement practices, evaluations, or reserves to Plaintiff before resolving the UIM claim, such disclosure is a natural consequence of the parties' unique relationship and of Defendant's reliance on courts to resolve disputed UIM claims.[45]

For the above reasons, the Court grants Defendant's request to bifurcate Plaintiff's UIM claim from its "bad faith" claims at trial, insofar as the parties will first try the UIM claim, and only upon its resolution, try the "bad faith" claims before the same jury. The Court denies Defendant's request to stay "bad faith" discovery.

## CONCLUSION

In light of the foregoing, Defendant's Motion to Sever and Stay "Bad Faith" Claims at Docket 10 is GRANTED in part and DENIED in part. Discovery on the "bad faith" claims may proceed at the same time as discovery on the UIM claim; however, at a trial on the UIM claim, none of the "bad faith" evidence will be admitted. After resolution of the UIM claim, if the bad faith claim remains viable, it will then be tried to the same jury which heard and decided the UIM claim.

DATED this 22nd day of January, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[45] Docket 10-3 at 19 (State Farm policy providing that if there is no agreement on the amount of compensatory damages, the insured "shall . . . file a lawsuit in a state or federal court that has jurisdiction").

Case No. 3:19-cv-00252-SLG, *Thogmartin v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 11 of 11